The opinion of the Court was delivered by
Coloocic, J.
.By the common law, choses in action were not the subject of felony.
The act of the 5th March, 1737,[1] (P. L. 147, Brev. Dig. 196, tit. Robber}’,) declares, “ that if any person or persons, after its ratification, shall *7 steal or take by robbery, any bond, warrant, bill, or promissory note, for the payment, or securing the payment of any money,” &c., he shall be guilty of felony; and. the latter part of the statute, says the “ act shall be considered to be felony of the same nature, and in the same degree, &c., as it would have been if the offender had stolen any other goods of like value .with the money due on such note, and remaining unpaid, ”• In order to satisfy the requisites of this act, it was necessary to prove, that a note, which shall be the subject of an indictment, is a true note, and that something, and how much is due thereon. In this case, the note did, on the face of it, purport to be a ten-dollar note. But the case was susceptible of proof, that it was a genuine note ; arid in criminal cases, every possible degree of certainty, both in the charge and the evidence to support the charge, are required.
Ervin, for motion. Evans, Solicitor, contra.
*In order to make the stealing of any article, larceny at common law, it must be proven to be-of some value, and this piece of paper is of no intrinsic worth. For aught that appeared, it may be a counterfeit. When the statute made this description of paper the subject of felony, it surely did not intend to dispense with that evidence, which is necessary to be given in all cases ; the highest and best, which the nature of the case will furnish. Even in civil suits, and between the original parties to a note, some evidence that it is defendant’s note, is required, before he can be compelled to pay it. Would it consist with the principles of justice, that less evidence should be required to affect the life of a man, than that which is necessary to affect his purse ? If any doubt could exist in the case, the latter part of the act must remove it. For the degree of offence depends, and is to be determined by the amount due on the note, which would seem to render some proof indispensably necessary.
As to the ground in arrest of judgment, “that the law does not apply to bank notes,” I think there can be no doubt; for it expressly protects the notes of all corporations, and if the note in question had been proved to be a genuine one, it is the note of a corporation.
I am in favor of a new trial.
Bat, Nott, Johnson and Cheves, JJ., concurred.

 3 Stat. 470, § 3.